Schiller v. Price, No. 854-11-10 Rdcv (Teachout, J., Mar. 2, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**  **CIVIL DIVISION**
**Rutland Unit**  **Docket No. 854-11-10 Rdcv**

**WAYNE SCHILLER and KELLY SCHILLER,**
  **Appellants, Cross-appellees**

  **v.**

**MELISSA PRICE,**
  **Appellee, Cross-appellant**

## SMALL CLAIMS APPEAL
## DECISION

Appellants Wayne and Kelly Schiller, Plaintiffs in the Small Claims Court below, appeal from a judgment of the Small Claims Court dated August 31, 2010. They represented themselves in the Small Claims Court, and on this appeal. Appellee Melissa Price cross-appeals, represented by Attorney Antonin Robbason. Oral argument was heard before this Court on January 26, 2012.

Plaintiffs brought an action seeking recovery for losses due to a motor vehicle accident on February 3, 2010. There is no dispute as to liability. Geico Insurance Company, previously named as a Defendant but dismissed from the case (and this is not an issue on appeal), paid the Schillers $4,552.78 to have their vehicle repaired. In their complaint, Plaintiffs claimed additional losses for which they had not been reimbursed, including reduction in value of their vehicle despite the repairs. The Small Claims Court entered judgment for Plaintiffs in the amount of $1,390.97 for rental car expense plus $250 for lost wages for a total of $1,640.97. On appeal, the Schillers argue that the Small Claims Court erred by misapplying the law of damages and thereby denying any claim for loss of vehicle value. Defendant Melissa Price cross-appeals, arguing that the maximum claim Plaintiffs could seek in Small Claims Court was $5,000, and since they have already been paid $4,552.78, any recovery should be limited by an offset for the payment made, presumably to $447.22.

Both parties are correct that the Judge misapplied the law of damages available in a tort action arising from a motor vehicle accident. The Judge ruled that "diminution in value is a theory of law that is based in contract law and not in tort law." She ruled that diminution in value damages were not available to Plaintiffs as a matter of law. This is incorrect, as both parties recognize. Diminution in value is an available measure of damages for losses resulting from a tort such as a motor vehicle accident. Whether Plaintiffs are entitled to any reduction in value in addition to the amount they have received to date for costs of repair is an issue of fact to be decided by the trier of fact. The case must be remanded to the Small Claims Court for a new trial in which the Judge shall apply the correct law with respect to damages.

Since the issue raised by Defendant on cross-appeal will need to be addressed by the Judge on remand, it will be considered here. Defendant argues that the payment of $4,552.78 should be a set-off against any amount of damages Plaintiffs prove. This is not correct. The maximum recovery to a plaintiff in Small Claims Court is $5,000, but a plaintiff can plead and prove up to $5,000 of any amount remaining due to that plaintiff even if some money has already been paid. For example, if a housepainter's bill was $17,000, and he was paid $10,000 but not the remaining $7,000, he can bring a claim in the Civil Division for $7,000 or he can bring a claim in the Small Claims Court, in which he can recover no more than $5,000, but he can seek the full $5,000 even though he has already been paid $10,000. The owner is not entitled to a set-off against the full claim for amounts already paid. Similarly, in a tort case, if a plaintiff has medical expenses of $12,000 and has been paid $7,000, she may sue in Small Claims Court for the remaining $5,000. The $7,000 she has already been paid does not operate as an offset against the $5,000 claim.

For the foregoing reasons, the decision of the Small Claims Court dated August 31, 2011 is *reversed* and *remanded*. The case shall be set for a new trial in which the Court shall apply the law as stated herein.

Dated at Rutland, Vermont this 1st day of March, 2012

_____
Hon. Mary Miles Teachout
Superior Judge